Filed 6/28/22  P. v. Khademi CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C094081 |
| v. | (Super. Ct. No. 62152196) |
| DAVOOD KHADEMI, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Davood Khademi asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In 2017, K.E., a veteran, was shopping when defendant yelled obscenities and various anti-American sentiments.  K.E. took offense to defendant's language and responded.  Defendant then threatened to cut off K.E.'s head and attempted to stab him.

1

The trial court found defendant incompetent to stand trial (Pen. Code, § 1370)[1] and ordered him committed to the state hospital. Defendant was declared restored to competency and discharged from the hospital in March 2020.

In September 2020, defendant pleaded no contest to assault with a deadly weapon, with an agreement he would initially serve no state prison time. (§ 245, subd. (a)(1).) Defendant waived 1,257 days of custody credit and the trial court awarded him 364 days of credit. The trial court placed defendant on felony probation for five years. The remaining charges were dismissed on the People's motion.

A few months later, the probation department filed a petition for revocation alleging defendant had violated probation by shoplifting. (§ 459.5.) While at Nordstrom Rack, defendant placed a pair of shoes in his walker and placed the empty shoe box back on the shelf. He then went to the men's department and put three shirts and a pair of pants in his walker. He discarded the hangers and took the price tags off the clothing. He opened a pack of undershirts, placed them in his walker, and threw away the box. On his way out of the store, he picked up a pair of sunglasses and removed the security sensor and price tag. He walked out of the store without paying for the items.

After a contested hearing, the trial court found the probation violation allegation true. The mental health court found defendant was not suitable for mental health court. The trial court denied further probation, sentenced defendant to the low term of two years in prison, ordered the previously stayed probation revocation fine unstayed, and awarded defendant 782 days of custody credit. The award of custody credit was corrected by the trial court following appellate counsel's section 1237.1 letter requesting additional days of credit.

Defendant obtained a certificate of probable cause.

---

[1] Undesignated statutory references are to the Penal Code.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                        /S/
                                        MAURO, J.



We concur:



    /S/
ROBIE, Acting P. J.



    /S/
EARL, J.